MALLON & TRANGER
86 Court Street
Freehold, NJ 07728
(732) 780-0230
(732) 780-5002 (Fax)
Attorneys for Plaintiffs

_____

JOAO DEMATOS and
ANNA DEMATOS, his wife,

        Plaintiffs,

v.

TOWNSHIP OF EDISON, EDISON
POLICE DEPARTMENT, PATROLMAN
PAUL PAPPAS, PATROLMAN
ANTHONY SARNI, CHIEF THOMAS
BRYAN,  MAYOR JUN CHOI,
1-5 JOHN DOE INDIVIDUALS,
6-10 JOHN DOE INDIVIDUALS,
A,B,C JOHN DOE CORPORATIONS,
In their official capacities and/or
individually, Jointly and Severally,

        Defendants.
_____

: UNITED STATES DISTRICT COURT
: FOR THE DISTRICT OF NEW JERSEY
: NEWARK VICINAGE
:
:
: CIVIL ACTION NO.: 10-04262 (DMC-JAD)

---

### PLAINTIFFS JOAO AND ANNA DEMATOS' RESPONSE
### TO DEFENDANTS PAPPAS AND SARNI'S
### MOTION TO DISMISS

---

BY: Thomas J. Mallon, Esq.
    Attorney for Plaintiffs Joao and Anna DeMatos

## CERTIFICATION OF MAILING AND ELECTRONIC FILING

I hereby certify that the original of this motion and supporting papers were filed electronically with the Clerk of the United States District Court for the District of New Jersey, Newark, New Jersey, and electronically mailed to Counsel for Defendants.

I further certify that courtesy copies were forwarded to the Honorable Dennis M. Cavanaugh, USDJ, and the Honorable Joseph A. Dickson, USMJ.

Final Pre-trial Conference: None listed.

Settlement Conference: None listed.

Trial Date: None listed.

*s/Thomas J. Mallon*
_____
THOMAS J. MALLON, ESQ.
Attorney for Plaintiffs Joao and Anna DeMatos

Dated: December 20, 2010

## CERTIFICATION

I hereby certify that the following Exhibits are attached to Plaintiff's brief:

Exhibit A:  Plaintiff's Complaint

Exhibit B: Relevant portions of the 7/27/10 trial transcript

Exhibit C: Relevant portions of the 8/10/10 trial transcript

Exhibit D: Relevant portions of medical records

Exhibit E: Photographs depicting Plaintiff's injuries

Exhibit F: <u>Wade v. Colaner</u>, Civil Action No. 06-3715 (D.N.J. 3-19-2009)

Exhibit G: <u>Garrison v. Porch</u>, Civil Action No.: 08-2453 (3rd Cir. 4-16-2010)

*s/Thomas J. Mallon*
_____
THOMAS J. MALLON, ESQ.
Attorney for Plaintiffs Joao and Anna DeMatos

Dated: December 20, 2010

## TABLE OF CONTENTS

TABLE OF AUTHORITIES......................................................................................... ii

PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS..............................1

PLAINTIFF'S COUNTER STATEMENT OF FACTS..............................................................1

LEGAL ARGUMENT................................................................................................................2

    POINT ONE
    DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE PLAINTIFF'S
    COMPLAINT BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983 STATES
    A VALID CAUSE OF ACTION WHICH IS NOT BARRED BY EITHER
    <u>HECK V. HUMPHREY</u> OR THE <u>ROOKER-FELDMAN</u>
    DOCTRINE...........................................................................................................2

    POINT TWO
    PLAINTIFF'S LOSS OF CONSORTIUM REMAINS VALID
    .............................................................................................................................4

    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## TABLE OF AUTHORITIES

**Cases**

Garrison v. Porch, Case#: 08-2453 (3d Cir. 4-16-10)..............................................................pgs.3,4

Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997).......................................................................p.3

Rose v. Bartle , 871 F.2d 331,351 (3d. Cir. 1989).......................................................................p.4

Wade v. Colaner, Civil Action#: 06-3715 (United States District Court N.J. 3-19-09..........pgs.2,3

**Statutes**

42 U.S.C. § 1983.................................................................................................................pgs. 2,3,4

28 U.S.C. § 1367.........................................................................................................................p.4

**U.S. Constitution**

Fourth Amendment................................................................................................................pgs.2,4,5

## PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS

1-8.)  Admitted.

9.)  Admitted that Judge Toth made findings. Denied that Judge Toth's findings foreclose Plaintiff from seeking redress in the United States District Court for violation of his rights under the United States Constitution pursuant to 42 U.S.C. Section 1983, for the reasons set forth below in Plaintiff's Response Brief.

10-12.)  Admitted.

## PLAINTIFF'S COUNTER STATEMENT OF FACTS

1.)  Plaintiff's Complaint filed in United States District Court pursuant to 42 U.S.C. Section 1983 alleges that Defendants Pappas and Sarni used excessive force, failed to intervene and maliciously abused process in violation of Plaintiff's Fourth Amendment constitutional right to be secure in his person against unreasonable seizure. (Please see Plaintiff's Complaint, attached as Exhibit A.)

2.)  During the municipal court trial, Judge Toth made no findings that Defendants Pappas or Sarni violated Plaintiff's Fourth Amendment rights to be secure in his person against unreasonable seizure.

3.)  During the course of the municipal court trial, Judge Toth stated on a number of occasions that his role was to adjudicate the criminal charges against Plaintiff Joao DeMatos. Specifically, Judge Toth stated the following:

> "While I'm on the subject, this is not a personal injury case. I'm not a civil judge and I'm not adjudicating damages." (Please see relevant portions of the 7/27/10 trial transcript, p. 59, ls. 18-19, attached as Exhibit B.)

> "So in other words, counsel, we can't confuse this proceeding with a civil damage case where the officers are the defendants." (Exhibit B, p. 60, ls. 1-3)

1

"I'm here for one limited purpose. To find out whether your client is guilty of the charge beyond a reasonable doubt." (Exhibit B, p. 62, ls. 24-25; p. 63, l. 1)

"The defense made much of the fact, and at times, I had to intercede and make comments that this is not an intentional tort civil case against the police officers. The police officers were not on trial in my court." (Please see attached relevant portions of 8/10/10 trial transcript, p. 14, l. 25; p. 15, ls. 1-4, attached as Exhibit C.)

4.) Plaintiff received the following injuries stemming from Defendant Pappas and Sarni's use of excessive force on Plaintiff: ear laceration; closed head injury; facial abrasion; fractures of the right maxillary sinus and orbit; right optic neuropathy; sensorineural hearing loss; blunt injury to the right eye with periocular contusion and lid edema; subconjunctival hemorrhage, and post traumatic stress disorder. (Please see relevant portions of medical records, attached as Exhibit D. Also, please see photographs depicting plaintiff's injuries, attached as Exhibit E.)

**LEGAL ARGUMENT**
**POINT ONE**
**DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE PLAINTIFF'S COMPLAINT BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983 STATES A VALID CAUSE OF ACTION WHICH IS NOT BARRED BY EITHER HECK V. HUMPHREY OR THE ROOKER-FELDMAN DOCTRINE**

Plaintiff's Complaint against Defendants Pappas and Sarni alleges excessive force, failure to intervene and abuse of process. All of the claims infringe upon Plaintiff's Fourth Amendment right under the United States Constitution to be secure in his person against unreasonable seizure.

Contrary to Defendant's assertions, neither the Heck or the Rooker-Feldman doctrines apply in this case. In Wade v. Colaner, Civil Action No. 06-3715 (FLW)(D.N.J. 3-19-2009), the Court denied Defendants' motion to dismiss Plaintiff's excessive force claim, finding both the Rooker-Feldman and Heck doctrines to be inapplicable. (Please see copy of Wade v. Colaner, attached as Exhibit D.) "Rooker-Feldman bars a Federal proceeding when "entertaining the federal court claim

2

would be the equivalent of an appellate review" of the state judgment. Thus, a cause of action asserted in Federal Court that ultimately seeks to vacate the decision or reasoning of a State Court is barred under Rooker-Feldman. ***However, Rooker-Feldman generally does not act as a bar to a Section 1983 claim that may challenge the validity of a plaintiff's underlying state criminal conviction."*** Wade v. Colaner, (N.J. 3-19-2009), pgs. 13-14. (citations omitted, bold and italics added.)

In Wade, the Court also denied summary judgment on Defendant's Heck doctrine theory. "When construing excessive force claims in light of a criminal conviction, ***the Third Circuit has widely held that an underlying criminal conviction does not necessarily bar a plaintiff's excessive force claim."*** Wade v. Colaner, (N.J. 3-19-2009), p. 15. (Bold and italics added.)

Most recently, in Garrison v. Porch, 08-2453 (3rd Cir. 4-16-2010) the Appellate Division reversed a grant of summary judgment in favor of the Defendant police officer. In that case, Defendant argued that Plaintiff's excessive force claim was barred pursuant to Heck based on Plaintiff's underlying charges of aggravated assault, resisting arrest, disorderly conduct and public urination. Garrison v. Porch, 08-2453 (3rd Cir. 4-16-2010), p. 3.

In reversing the District Court's summary judgment, the Appellate Division looked to prior established Circuit case law.

"This Court has previously determined that a conviction for Resisting Arrest does not necessarily preclude an arrestee for recovering damages on a Section 1983 excessive force claim. Garrison v. Porch, 08-2453 (3rd Cir. 4-16-2010), p. 8. (quoting Nelson v. Jashurek, 109 F.3d 142, 145-46 (3rd Cir. 1997)).

3

The Appellate Division also looked to other Courts of Appeals:

> "While this Court has not squarely addressed the issue of whether a simple assault conviction necessarily serves as a bar to a Section 1983 excessive force claim under Heck, other courts of appeals to have considered factually similar cases have generally held that the mere fact of a conviction for assault or similar conviction arising out of the same incident does not automatically preclude recovery on an excessive force claim brought under Section 1983. ***We agree with the majority of other courts of appeals*** to have faced this issue ***in rejecting [defendant's] argument that [plaintiff's] conviction for simple assault automatically precludes him from recovering on his Section 1983 claim.***" Garrison v. Porch, 08-2453 (3rd Cir. 4-16-2010), pgs. 9-10.  (Bold and italics added.)

It is also well established that favorable termination of the underlying criminal proceedings is not an element for a Section 1983 Abuse of Process claim. See Rose v. Bartle , 871 F.2d 331,351 (3d. Cir. 1989)

As shown above, State Municipal Court Judge Toth did not have the authority (and stated on the record that he did not have the inclination) to determine whether Defendants Pappas and Sarni violated Plaintiff's Fourth Amendment right to be secure in his person against unreasonable seizure pursuant to 42 U.S.C. Section 1983.  This Court has subject matter jurisdiction over this case, made abundantly clear in recent District Court and Third Circuit case law.  Based on the above, it is respectfully submitted that Defendants' motion should be denied.

## POINT TWO
## PLAINTIFF'S LOSS OF CONSORTIUM CLAIM REMAINS VALID

Plaintiff's Loss of Consortium claim is a State Law claim and this Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367.  Therefore, Plaintiff's Loss of Consortium claim remains valid and Defendants' motion should be denied on this point.

4

## CONCLUSION

The Municipal Court Judge's guilty findings have nothing to do with whether Defendants Pappas and Sarni violated Plaintiff's Fourth Amendment right to be secure in his person against unreasonable seizure. Plaintiff filed this suit seeking vindication of the rights guaranteed him by the United States Constitution, and Defendants' motion is an impermissible attempt to limit his access to Federal court.

Based on the above, it is respectfully submitted that Defendants' motion should be denied in its entirety.

Respectfully submitted,

*s/Thomas J. Mallon*

_____
THOMAS J. MALLON, ESQ.
Attorney for Plaintiffs Joao and Anna
DeMatos

Dated: December 20, 2010