NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOAO DEMATOS and ANNA DEMATOS, | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civ. No. 10-4262 (DMC) (JAD) |
| TOWNSHIP OF EDISON, EDISON POLICE DEPARTMENT, PATROLMAN PAUL PAPPAS, PATROLMAN ANTHONY SARNI, CHIEF THOMAS BRYAN, MAYOR JUN CHOI, 1-5 JOHN DOE INDIVIDUALS, 6-10 JOHN DOE INDIVIDUALS, A, B, C JOHN DOE CORPORATIONS, In their official capacities and/or individually, Jointly and Severally, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motions of Defendants Paul Pappas and Anthony Sarni (collectively "Defendants") to dismiss the Complaint for failure to state a claim. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Upon consideration of the parties' submissions, and for the reasons stated below, Defendant's motion to dismiss is **DENIED.**

I. BACKGROUND[1]

On the evening of August 22, 2009, Plaintiff Anna DeMatos ("Mrs. DeMatos") called the

---

[1] The facts in the Background section have been taken from the parties' submissions.

Edison Township Police Department to her home because she feared that her intoxicated husband, Plaintiff Joao DeMatos ("Mr. DeMatos"), was going to drive drunk. Defendants reported to the scene and engaged in some sort of physical altercation with Mr. DeMatos, causing Mr. DeMatos to allege that the police officers "assaulted [him] without justification and with excessive force." Compl. ¶ 3. Mr. DeMatos was arrested and charged with two counts of aggravated assault that were later downgraded to simple assault pursuant to N.J.S.A. 2C:12-1(a), and two counts of resisting arrest under N.J.S.A. 2C:29-2(a). Mr. DeMatos was found guilty of all charges. Despite being told that he had twenty days to appeal his convictions, Mr. DeMatos declined to do so. Instead, he filed the present Complaint.

## II. STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp., 550 U.S. at 555.

## III. DISCUSSION

Defendants argue that Mr. DeMatos' § 1983 claim for excessive force is barred by both Heck v. Humphrey, and the Rooker-Feldman Doctrine. See 28 U.S.C. § 1257; Heck v. Humphrey, 512 U.S. 477 (1994). This Court disagrees.

The Third Circuit has previously held that a conviction for either resisting arrest or simple assault does not "automatically preclude recovery on an excessive force claim brought under § 1983." Garrison v. Porch, 376 Fed. Appx. 274, 277-78 (3d Cir. 2010); Nelson v. Jashurek, 109 F. 3d 142, 145 (3d Cir. 1997). Therefore, Heck cannot be used as a means of dismissing Plaintiffs' action. The Rooker-Feldman Doctrine also does not apply. While "a United States District Court has no authority to review final judgments of a state court in judicial proceedings," there is no such issue here. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983). At no point during Mr. DeMatos' municipal court trial did the judge make a finding regarding whether the Defendants used excessive force. Though the judge made comments about how he believed that the police officers did not act improperly,[2] he also repeatedly noted that "this is not an intentional

---

[2]The judge noted that:

> The defense made much of the fact, and at times, I had to intercede and make comments that this is not an intentional tort civil case against the police officers. The police officers were not on trial in my court. However, I gave the defense latitude. Because their position was that because of the severity of the injuries, the overreaction of the police, the excessive force, it had something to do with the credibility and motive. Don't believe it for a second and discount it.

Engracia Certif., Ex. 5, at 14-15. He also remarked that:

> I don't – the officers testified, and I believe that's accurate as to how he got these injuries. We don't have a gentleman here that his face

tort civil case against the police officers" and that he was only commenting on the actions of the officers because "the defense spent a lot of time on it, trying to switch the switch onto the police officers, which I find unacceptable in this case." Engracia Certif., Ex. 5, at 14-15, 17. As there is no judicial determination on whether the officers actually engaged in excessive force, Defendants' motion to dismiss must be denied.[3]

## IV. CONCLUSION

For the reasons stated, Defendants' motion to dismiss is denied.

/s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:     August /2, 2011
Orig.:    Clerk
cc:       All Counsel of Record
          Hon. Joseph A. Dickson, U.S.M.J.
          File

---

        is blown out, his teeth knocked out, his nose off to the side broken. I don't have that here. And again, I'm only commenting on this because the defense that spent a lot of time on it, trying to flip the switch onto the police officers, which I find unacceptable in this case.

Id. at 17.

[3]Because the Court is permitting Mr. DeMatos to pursue his claims, Defendants' argument that Mrs. DeMatos' loss of consortium claim should be dismissed because it is "dependant upon and incidental to her husband's state law claims" is denied as moot. Defs.' Br. 12.